STANKIEWICZ *v.* DETROIT TERMINAL RAILROAD CO.

1. RAILROADS—NEGLIGENCE—DUTY TO TRESPASSERS.
   No duty rested on railroad company to take notice that trespassers were in habit of crossing its right-of-way at certain point, or to erect signs or adopt measures to prevent trespassing, or to move its trains with lookout for trespassers.

2. SAME—SUBSEQUENT NEGLIGENCE—JUDGMENT NON OBSTANTE.
   In action against railroad company for loss of foot by 11-year old boy, who was trespasser on right of way, judgment *non obstante veredicto* was properly entered for defendant, in absence of showing that its employees were guilty of negligence or subsequent negligence.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted April 6, 1933. (Docket No. 33, Calendar No. 36,305.) Decided May 16, 1933.

Case by Walter Stankiewicz, by next friend, against Detroit Terminal Railroad Company for personal injuries alleged to be due to defendant's negligence. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*Walter M. Nelson,* for plaintiff.

*John J. Danhof* (*Harold H. McLean,* of counsel), for defendant.

WIEST, J. The 14th day of November, 1925, plaintiff, then 11 years of age, entered upon defendant's railroad right-of-way, over a path frequented by pedestrians, caught his right foot in a switch point opening, and was held fast until an engine, moving

backward and hauling many freight cars, came upon him and mangled his foot. Upon trial by jury plaintiff was awarded $1,500 damages. His attorney moved for a new trial for re-assessment of damages only, or, if that was refused, for a new trial upon all issues. At the close of plaintiff's proofs defendant moved for a directed verdict and again at the close of all the proofs. The court reserved the question, and, after verdict, entered judgment for defendant *non obstante veredicto*.

Plaintiff was a trespasser at the place where injured, and there was no evidence that his peril was discovered by operators of the train.

It is claimed, in behalf of plaintiff, that the path to and across the railroad track was one long in use, and defendant should have taken notice of trespassing and have erected proper signs or have adopted measures to prevent the trespassing, or, at least, have moved its trains with lookout for trespassers. No such duty rested upon defendant. There was no evidence of subsequent negligence or wilful or wanton injury.

Plaintiff's attorney states:

"Is there evidence proving or supporting an inference that the engineer should have seen plaintiff in time to stop the train before striking him?"

Defendant's railroad is maintained mainly for switching purposes. The train approached plaintiff around a curve. The track was amid vacant land. The engineer was in his proper place, and, because of the curve in the track and the engine tender, had no view of plaintiff. The fireman was putting fuel in the fire box. Neither the engineer nor fireman saw plaintiff and had no knowledge of the accident until later in the day.

The engineer and fireman owed no duty to watch out for trespassers at that point.

We find no evidence justifying a finding that defendant's employees were guilty of subsequent negligence. Without such a finding plaintiff could not recover.

The judgment is affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.